UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LHRET Ascension Austin, L.P., | ) |
| | ) |
|     PLAINTIFF | ) |
| | ) |
| v. | )   Case No.: 1:17-cv-00605 |
| | ) |
| OPENDRAW LIMITED | ) |
| LIABILITY COMPANY; and | ) |
| MICHAEL WILLOUGHBY | ) |
| | ) |
|     DEFENDANTS. | ) |

## COMPLAINT

Plaintiff, LHRET Ascension Austin, L.P. ("LHRET" or "Plaintiff"), states as follows for its Complaint against Defendants, OpenDraw Limited Liability Company ("OpenDraw") and Michael Willoughby ("Willoughby") (collectively, the "Defendants"):

### NATURE OF THE ACTION

1. This action arises out of OpenDraw's breach of its lease with LHRET, and Willoughby's failure to pay LHRET for the amounts owing under the guaranty connected with the lease.

### THE PARTIES

2. LHRET is a Texas limited partnership. It owns and leases space in a medical office building located at 1301 West 38th Street, Austin, Texas 78705. LHRET's partners are THL 191 JV, LLC, a Delaware limited liability company and LHRET Ascension Austin Partner GP, LLC, a Delaware limited liability company, whose sole member is THL 191 JV, LLC. THL 191 JV, LLC's sole member is LHRET 191, LLC, a Delaware limited liability company, whose sole member is Lillibridge Healthcare Real Estate Trust, L.P, a Delaware limited partnership. The partners of

Lillibridge Healthcare Real Estate Trust, L.P. are Lillibridge Healthcare Real Estate Trust, a Maryland investment trust, and LHRET Partner, LLC, a Delaware limited liability company, whose sole member is Lillibridge Healthcare Real Estate Trust. Lillibridge Healthcare Real Estate Trust is owned by Ventas LHRET, LLC, a Delaware limited liability company, whose sole member is Ventas Realty, L.P., a Delaware limited partnership. Ventas Realty, L.P.'s partners are Ventas, Inc., a Delaware corporation with its principal place of business in Louisville, Kentucky, and Ventas LP Realty, LLC, a Delaware limited liability company, whose sole member is Ventas, Inc. Thus, for purposes of diversity jurisdiction, LHRET is a resident of Delaware and Kentucky.

3. OpenDraw is a Texas limited liability company whose sole member is Willoughby, an individual who is a citizen of and domiciled in Texas with an address at 509 Konstanty Circle, West Lake Hills, Texas 78746. It is therefore a citizen of Texas.

4. Willoughby is a resident of Texas with an address in Austin, Texas. He is domiciled in Texas and a citizen of Texas. His address is 509 Konstanty Circle, West Lake Hills, Texas 78746.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy collectively exceeds $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over OpenDraw as it is a citizen of Texas that transacts business in this state.

7. This Court has personal jurisdiction over Willoughby because he resides in Texas and the relevant events occurred in Texas.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Willoughby resides in this judicial district, OpenDraw conducts business in this judicial district, a substantial part

of the events or omissions giving rise to this action occurred within this judicial district, and the property that is the subject of this action is situated in this judicial district.

## STATEMENT OF FACTS

9. LHRET entered into a lease on or about August 6, 2014 as amended from time (collectively with the amendments described *infra*, "Lease") with OpenDraw for space in 1301 West 38th Street, Austin, Texas, Suite 108 ("Premises"). The Lease is attached hereto as **Exhibit 1**.

10. Pursuant to the Lease, OpenDraw agreed, among other things, to pay such rent and other fees as set forth in the Lease to LHRET. *See id.*

11. Pursuant to the Lease, if OpenDraw fails to make payments when due, LHRET is entitled to assess a late charge as set forth more fully in the Lease. *See id.*

12. Pursuant to the Lease, the prevailing party in a lawsuit for breach of default of the Lease is entitled to recover reasonable attorneys' fees. *See id.*

13. In connection with the Lease, Willoughby executed a guaranty of lease ("Guaranty"). The Guaranty is attached hereto as **Exhibit 2**. Pursuant to the Guaranty, among other things, the Guarantor "absolutely, unconditionally and irrevocably guarantees to Landlord" the full performance by OpenDraw of all obligations of the tenant under the Lease, including the payment of rent due to LHRET. *See id.* In addition, Willoughby agreed to pay LHRET's reasonable attorneys' fees, costs, and expenses associated with collecting or enforcing the Guaranty. *See id.*

14. On or about September 9, 2014, the Lease was amended by the First Amendment to Lease Agreement ("First Amendment"). The First Amendment is attached hereto as **Exhibit 3**.

15. In or around December 2016, OpenDraw defaulted on the Lease by ceasing to make payments pursuant to the Lease.

16. In or around December 2016, OpenDraw abandoned the Premises.

17. LHRET performed any obligations required of it under the Lease and the Guaranty (collectively, the "Agreements").

18. Defendants have failed and/or refused to pay LHRET the amounts due and owing under the Agreements as applicable.

19. LHRET is entitled to its reasonable attorneys' fees and costs incurred in connection with the enforcement of the Agreements.

### COUNT I – BREACH OF LEASE (OPENDRAW)

20. LHRET incorporates by reference the allegations set forth above.

21. The Lease is a valid and enforceable agreement.

22. OpenDraw has breached the Lease by failing and/or refusing to make payments as set forth in the Lease and abandoning the Premises.

23. Without legal justification or excuse, OpenDraw has breached the Lease.

24. As a direct and proximate result of OpenDraw's breach, LHRET has suffered damages.

25. LHRET is entitled to its reasonable attorney's fees and costs incurred in connection with enforcement of the Lease pursuant to the Lease and the Texas Civil Practice & Remedies Code Section 38.001, *et seq.*

### COUNT II – BREACH OF GUARANTY (WILLOUGHBY)

26. LHRET incorporates by reference the allegations set forth above.

27. The Guaranty is a valid and enforceable agreement.

28. Willoughby personally guaranteed the obligations and debts of OpenDraw.

29. Without legal justification or excuse, Willoughby failed and/or refused to pay the amounts due and owing under the Guaranty.

30. As a direct and proximate result of Willoughby's breach, LHRET has suffered damages.

31. LHRET is entitled to its reasonable attorney's fees and costs incurred in connection with enforcement of the Guaranty pursuant to the Guaranty and the Texas Civil Practice & Remedies Code Section 38.001, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, LHRET requests judgment against Defendants as follows:

A. An award of damages in an amount to be proven at trial;

B. LHRET's attorneys' fees and costs associated with the prosecution of this action;

C. Pre-judgment and post-judgment interest; and

D. All other relief to which LHRET may be entitled.

Respectfully submitted,

*/s/ Gregory M. Sudbury*
Gregory M. Sudbury, Texas Bar No. 24033367
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Ste. 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
gsudbury@qslwm.com

-and-

FULTZ MADDOX DICKENS PLC
Phillip A. Martin (to seek admission *pro hac vice*)
Laura M. Brymer (to seek admission *pro hac vice*)
101 S. Fifth Street, Ste. 2700
Louisville, KY 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
pmartin@fmdlegal.com
lbrymer@fmdlegal.com

*Counsel for Plaintiff*

4831-4755-4634, v. 1